48 A.3d 1005

DOUGLAS TRAUTMANN, AN INFANT BY HIS GUARDIAN AD LITEM, DONNA TRAUTMANN AND THOMAS STRUBLE, AN INFANT BY HIS GUARDIAN AD LITEM, JAYNEANN STRUBLE, PLAINTIFFS-APPELLANTS, v. CHRIS CHRISTIE, GOVERNOR OF THE STATE OF NEW JERSEY AND STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

Argued May 8, 2012—Decided August 6, 2012.

302

*Gregg D. Trautmann* argued the cause for appellants (*Trautmann & Associates*, attorneys; *Mr. Trautmann* and *Robert T. Trautmann*, on the brief).

*Beth Leigh Mitchell,* Deputy Attorney General, argued the cause for respondents (*Jeffrey S. Chiesa,* Attorney General of New Jersey, attorney; *Melissa H. Raksa,* Assistant Attorney General, of counsel; *Sudha V. Raja,* Deputy Attorney General, on the brief).

*Joseph J. Bell, Jr.,* argued the cause for amicus curiae Donna Weeks (*The Bell Law Group,* attorneys; *Joseph J. Bell, IV,* on letter in lieu of brief).

PER CURIAM.

We affirm the judgment below, substantially for the reasons expressed in the opinion of the Appellate Division, reported at 418 *N.J.Super.* 559, 15 *A.*3d 22 (2011). We briefly comment to amplify the Appellate Division panel's opinion.

Plaintiffs challenge *L.* 2009, *c.* 37 ("Chapter 37"), called "Kyleigh's Law," which amended *N.J.S.A.* 39:3–13, the statute that codifies New Jersey's graduated driver's license system. Chapter 37 requires individuals who are driving pursuant to special learner's permits, *N.J.S.A.* 39:3–13.2a(a), examination permits, *N.J.S.A.* 39:3–13, and probationary licenses, *N.J.S.A.* 39:3–13.4(f), to display "removable, transferable, highly visible, reflective decals" on their vehicles. *L.* 2009, *c.* 37. As construed by the New Jersey Motor Vehicle Commission, Chapter 37 applies only to drivers under twenty-one years of age.

█ We concur with the Appellate Division panel's decision rejecting the three grounds asserted by plaintiffs in their challenge to Chapter 37. We hold that Chapter 37 neither contravenes nor is preempted by the federal Driver's Privacy Protection Act, 18 *U.S.C.A.* §§ 2721–2725. Chapter 37 requires the disclosure of nothing more than the fact that a driver is under twenty-one and is the holder of a special learner's permit, examination permit or probationary license. *N.J.S.A.* 39:3–13.2a(a); *N.J.S.A.* 39:3–13; *N.J.S.A.* 39:3–13.4(f). The driver's age group constitutes neither "highly restricted personal information" within the meaning of 18 *U.S.C.A.* § 2725(4), nor "personal information" within the

meaning of 18 *U.S.C.A.* § 2725(3). We agree with the Appellate Division panel that Chapter 37 is fully consonant with the federal Driver's Privacy Protection Act.

■ We also concur with the panel's rejection of plaintiffs' equal protection arguments based on federal and state law. *U.S. Const.* amend. XIV, § 1; *N.J. Const.* art. I, ¶ 1. The focus of this argument is an alleged disparity between the treatment of drivers covered by Chapter 37 and young drivers licensed in other states who are permitted by *N.J.S.A.* 39:3–15 to –17 to drive in New Jersey. Plaintiffs contend these two groups are similarly situated.[1]

■ Under the federal equal protection clause, absent an impact on a fundamental right or targeting of a suspect class, a statute must be upheld "so long as it bears a rational relation to some legitimate end." *Romer v. Evans,* 517 *U.S.* 620, 631, 116 *S.Ct.* 1620, 1626, 134 *L.Ed.*2d 855, 865 (1996); *see also Vacco v. Quill,* 521 *U.S.* 793, 799, 117 *S.Ct.* 2293, 2297, 138 *L.Ed.*2d 834, 841 (1997). We hold, as the Appellate Division panel concluded, that Chapter 37 clearly meets the federal equal protection standard. The statute bears a rational relation to a legitimate state interest—providing an enforcement mechanism for the State's objective of "ensuring that only those qualified to do so are permitted to operate motor vehicles, that these vehicles are fit for safe operation, and hence that licensing, registration, and vehicle inspection requirements are being observed." *Delaware v. Prouse,* 440 *U.S.* 648, 658, 99 *S.Ct.* 1391, 1398, 59 *L.Ed.*2d 660, 670 (1979). Chapter 37 is rationally limited to the group of drivers who are at

---

[1] The Appellate Division panel correctly dismissed plaintiffs' equal protection contentions regarding a second group of drivers alleged by plaintiffs to be similarly situated to the drivers covered by Chapter 37: New Jersey drivers who are temporarily living or serving in the military out-of-state and obtain temporary licenses pursuant to *N.J.S.A.* 39:3–10n. That statute authorizes the issuance of temporary licenses to New Jersey "licensees," *ibid.,* and accordingly addresses a group that is not similarly situated to the drivers governed by Chapter 37's decal requirement.

specific stages of New Jersey's graduated driver's license system, which governs only drivers who have permits or licenses issued by this state. The statute fully comports with the federal equal protection clause.

Chapter 37 similarly satisfies Article I, Paragraph 1 of the New Jersey Constitution. Under our Constitution, we "apply a balancing test which considers the nature of the right affected, the extent to which the government action interferes with that right, and the public need for such interference." *Doe v. Poritz*, 142 *N.J.* 1, 94, 662 *A.*2d 367 (1995) (citing *Brown v. City of Newark*, 113 *N.J.* 565, 573–74, 552 *A.*2d 125 (1989)). There is, in this case, an "appropriate governmental interest suitably furthered by the differential treatment involved." *Barone v. Dep't of Human Servs.*, 107 *N.J.* 355, 368, 526 *A.*2d 1055 (1987) (quotation omitted). "New Jersey courts have recognized that '[t]he State has a vital and compelling interest in maintaining highway safety by ensuring that only qualified drivers operate motor vehicles and that motor vehicles are in a safe condition.'" *State v. Donis*, 157 *N.J.* 44, 51, 723 *A.*2d 35 (1998) (quoting *State v. Kadelak*, 280 *N.J.Super.* 349, 360, 655 *A.*2d 461 (App.Div.), *certif. denied*, 141 *N.J.* 98, 660 *A.*2d 1197 (1995)). That interest is furthered with minimal intrusion upon the drivers subject to the provisions of Chapter 37. The differential treatment of out-of-state licensees is justified by the fact that only New Jersey drivers may be subject to the State's graduated license restrictions. We concur with the Appellate Division's rejection of plaintiffs' federal and state equal protection claims.

Finally, we agree with the Appellate Division panel's conclusion that Chapter 37 does not give rise to an unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution or Article I, Paragraph 7 of the New Jersey Constitution. Both provisions "safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." *Camara v. Mun. Court of S.F.*, 387 *U.S.* 523, 528, 87 *S.Ct.* 1727, 1730, 18 *L.Ed.*2d 930, 935 (1967); *State v.*

*Handy,* 206 *N.J.* 39, 53, 18 *A.*3d 179 (2011) ("The Fourth Amendment is a bulwark against the government's unwarranted intrusions into the daily lives of our fellow citizens."). However, "[w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v. United States,* 389 *U.S.* 347, 351, 88 *S.Ct.* 507, 511, 19 *L.Ed.*2d 576, 582 (1967).

As the Appellate Division panel properly held, the young drivers subject to Chapter 37 have no reasonable expectation of privacy in their age group, because a driver's age group can generally be determined by his or her physical appearance, which is routinely exposed to public view. *See United States v. Dionisio,* 410 *U.S.* 1, 14, 93 *S.Ct.* 764, 771, 35 *L.Ed.*2d 67, 79 (1973) ("No person can have a reasonable expectation that others will not know the sound of his voice, any more than he can reasonably expect that his face will be a mystery to the world."); *Poritz, supra,* 142 *N.J.* at 80, 662 *A.*2d 367 ("[R]equiring the disclosure of other information, such as plaintiff's age and legal residence or a description of his vehicle, does not infringe on any expectation of privacy."). Further, because the decal required by Chapter 37 is affixed to the exterior of the car, in plain view, an officer's review of that decal does not constitute a search. *See New York v. Class,* 475 *U.S.* 106, 114, 106 *S.Ct.* 960, 966, 89 *L.Ed.*2d 81, 90 (1986) (recognizing limited expectation of privacy in vehicle identification numbers).

As the Appellate Division properly noted, an officer's decision to stop a car bearing a decal required by Chapter 37 is subject to the same constitutional requirement as stops of other vehicles: "[a] lawful stop of an automobile must be based on reasonable and articulable suspicion that an offense, including a minor traffic offense, has been or is being committed." *State v. Carty,* 170 *N.J.* 632, 639–40, 790 *A.*2d 903 (2002). While Chapter 37's decal requirement does not itself violate federal or state search and seizure protections, the presence of a decal does not exempt police officers from the obligation to comply with constitutional safeguards in conducting a traffic stop.

Plaintiffs' federal preemption contention and constitutional objections were thus properly rejected by the Appellate Division. The balance of plaintiffs' contentions consist of arguments against the safety and efficacy of Chapter 37. As we noted in *Caviglia v. Royal Tours of America*,

[j]udging whether a statute is effective is a matter for policymakers. We do not pass judgment on the wisdom of a law or render an opinion on whether it represents sound social policy. That is the prerogative of our elected representatives. We must confine our review to the constitutionality of the statute.

[178 *N.J.* 460, 476, 842 *A.*2d 125 (2004) (internal citations omitted).]

*See also Lourdes Med. Ctr. of Burlington Cnty. v. Bd. of Review*, 197 *N.J.* 339, 366, 963 *A.*2d 289 (2009) (noting that "[w]e cannot interfere with the policy choices made by the Legislature"); *Newark Superior Officers Ass'n v. City of Newark*, 98 *N.J.* 212, 222, 486 *A.*2d 305 (1985) ("[I]t is well recognized that the courts do not act as a super-legislature. A statute is presumed to be constitutional and will not be declared void unless it is clearly repugnant to the Constitution." (internal citations omitted)).

Those principles govern our review of this case. The policy arguments for and against Chapter 37 are not for this Court to consider, but are properly made before the Legislature. It is not our province to determine the wisdom of this statute, or to weigh its value to police officers in enforcing *N.J.S.A.* 39:3–13 against any safety concerns that are raised by the decal requirement. Those arguments may be made before the Legislature, but they have no impact on the Court's analysis today.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice RABNER and Justices LaVECCHIA, ALBIN, HOENS, PATTERSON and Judge WEFING (temporarily assigned)—6.

*Opposed*—None.